**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| HEATH VINCENT FULKERSON,<br><br>                              Plaintiff,<br><br>   v.<br><br>GEICO,<br><br>                              Defendant. | 3:20-cv-00168-MMD-CLB<br><br>**REPORT AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE**[1] |

Before the court is Plaintiff Heath Fulkerson's ("Fulkerson") amended *pro se* civil rights complaint (ECF No. 9), his motion to submit (ECF No. 10), and motion for service (ECF No. 10-1). For the reasons stated below, Fulkerson's amended complaint (ECF No. 9) should be dismissed, with prejudice, and his motion to submit (ECF No. 10) and motion for service (ECF No. 10-1) should be denied as moot.

## I.    SCREENING STANDARD

Prior to ordering service on any defendant, the Court is required to screen an *in forma pauperis* complaint to determine whether dismissal is appropriate under certain circumstances. *See Lopez*, 203 F.3d at 1126 (noting the *in forma pauperis* statute at 28 U.S.C. § 1915(e)(2) requires a district court to dismiss an *in forma pauperis* complaint for the enumerated reasons). Such screening is required before a litigation proceeding *in forma pauperis* may proceed to serve a pleading. *Glick v. Edwards*, 803 F.3d 505, 507 (9th Cir. 2015).

"[T]he court shall dismiss the case at any time if the court determines that – (A) the allegations of poverty is untrue; or (B) the action or appeal – (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against

---

[1] This Report and Recommendation is made to the Honorable Miranda M. Du, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4.

-1-

a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(A), (B)(i)-(iii).

Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and 28 U.S.C. § 1915(e)(2)(B)(ii) tracks that language. When reviewing the adequacy of a complaint under this statute, the court applies the same standard as is applied under Rule 12(b)(6). *See, e.g., Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) ("The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim."). Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000) (citation omitted).

The Court must accept as true the allegations, construe the pleadings in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969) (citations omitted). Allegations in pro se complaints are "held to less stringent standards than formal pleadings drafted by lawyers[.]" *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (internal quotations marks and citation omitted).

A complaint must contain more than a "formulaic recitation of the elements of a cause of actions," it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "The pleading must contain something more. . . than. . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id.* (citation and quotation marks omitted). At a minimum, a plaintiff should include "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A dismissal should not be without leave to amend unless it is clear from the face of the complaint the action is frivolous and could not be amended to state a federal claim, or the district court lacks subject matter jurisdiction over the action. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995); *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990).
///

## II. BACKGROUND AND PROCEDURAL HISTORY

On March 16, 2020, Fulkerson filed his *in forma pauperis* application and *pro se* complaint against Defendant Geico Advantage Insurance Company ("Geico") under 28 U.S.C. § 1332 for a purported contract dispute. (*See* ECF No. 1-1.) On June 18, 2020, this court screened Fulkerson's complaint and found that while he included many conclusory allegations against Geico, he did not include sufficient factual allegations to state a claim upon which relief may be granted. (*See* ECF No. 7.) Thus, the court dismissed his complaint, with leave to amend, to attempt to state a claim that was supported by factual allegations. (*See id.*) Fulkerson was given thirty days to file his amended complaint. (*Id.*) On June 29, 2020, Fulkerson filed his amended complaint (ECF No. 9), which is now the operative complaint in this case. This screening follows.

## III. SCREENING OF AMENDED COMPLAINT

In his amended complaint, Fulkerson sues Defendant Geico Advantage Insurance Company ("Geico") under 28 U.S.C. § 1332 for a purported insurance contract dispute. (*See* ECF No. 9 at 1.) Fulkerson alleges that he was "faced with insurance bad faith and misrepresentation" of his automobile insurance policy, issued by Geico, in relation to "eight valid claims" filed by Fulkerson. (*Id.* at 2.) Fulkerson asserts Geico has "issued false documents and supplied information to [Fulkerson] that was false and misleading." (*Id.*) Fulkerson's complaint outlines the claims he filed with Geico. (*See id.* at 2-4.) Fulkerson asks the court to hold Geico: (1) "responsible for the claims that were filed by [Fulkerson] while insured by [Geico]"; and (2) "responsible for misrepresentation and insurance bad faith practices." (*Id.* at 4-5.) Fulkerson also seeks in excess of $550,000 in damages and fees. (*Id.* at 5.)

Under Nevada law, "[e]very contract imposes upon each party a duty of good faith and fair dealing in its performance and execution." *A.C. Shaw Constr. v. Washoe County*, 105 Nev. 913, 784 P.2d 9, 9 (1989) (quoting Restatement (Second) of Contracts § 205)). "The implied covenants of good faith and fair dealing impose a burden that require each

party to a contract to refrain from doing anything to injure the right of the other to receive the benefits of the agreement." *Shaw v. CitiMortgage, Inc.*, 201 F.Supp.3d 1222, 1251 (D.Nev. 2016) (quotation omitted). "An insurer breaches the duty of good faith when it refuses 'without proper cause to compensate its insured for a loss covered by the policy.'" *Pioneer Chlor Alkali Co., Inc. v. Nat'l Union Fire Ins. Co.*, 863 F.Supp. 1237, 1242 (D.Nev. 1994) (quoting *United States Fid. & Guar. Co. v. Peterson*, 91 Nev. 617, 540 P.2d 1070, 1071 (1975)). To constitute a denial "without proper cause," an insurer must have an "actual or implied awareness of the absence of a reasonable basis for denying the benefits of the policy." *Am. Excess Ins. Co. v. MGM Grand Hotels, Inc.*, 102 Nev. 601, 729 P.2d 1352, 1354 (1986). In other words, an insurer's incorrect determination that coverage does not exist under a particular policy is not an actionable tort unless there was no reasonable basis for that determination. *Pioneer*, 863 F.Supp. at 1242.

Fulkerson includes only the fact that he made various claims and the general assertion that the claims were not handled properly. This is insufficient to state a claim of bad faith against Geico as Fulkerson does not allege facts that Geico denied coverage with an actual or implied awareness that there was no reasonable basis supporting its decision. He merely asserts that they did not cover or pay his claims. Therefore, Fulkerson's complaint against Geico should be dismissed. Because Fulkerson has already been given the opportunity to amend his complaint, the dismissal should be with prejudice, as further amendment would be futile. *See Cato*, 70 F.3d at 1106.

Because the court recommends dismissal with prejudice of Fulkerson's complaint, the court further recommends that Fulkerson's motion to submit (ECF No. 10) and motion for service (ECF No. 10-1) be denied as moot.

**IV.    CONCLUSION**

Consistent with the above, the court finds that dismissal is warranted under 28 U.S.C. § 1915(e)(2)(B)(ii). Because amendment would be futile, the dismissal should be with prejudice. *See Cato*, 70 F.3d at 1106.

The parties are advised:

    1.    Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, the parties may file specific written objections to this Report and Recommendation within fourteen days of receipt.  These objections should be entitled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

    2.    This Report and Recommendation is not an appealable order and any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment.

## V. RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that Fulkerson's motion to submit (ECF No. 10) be **DENIED as moot**;

**IT IS FURTHER RECOMMENDED** that Fulkerson's motion for service (ECF No. 10-1) be **DENIED as moot**; and,

**IT IS FURTHER RECOMMENDED** that Fulkerson's amended complaint (ECF No. 9) be **DISMISSED, WITH PREJUDICE**.

**DATED:** October 14, 2020.

                                                  **UNITED STATES MAGISTRATE JUDGE**